BICKLEY *v.* CARTER.

4-3756

Opinion delivered March 4, 1935.

*Cecil B. Nance* and *James L. Roulhac,* for appellant.

HUMPHREYS, J.   This suit was brought in the chancery court of Crittenden County under § 7041 of Crawford & Moses' Digest, to annul a marriage between appellant and appellee, which occurred on May 27, 1934.

It was alleged that appellant was a resident of said county, and that appellee was a resident of the State of Tennessee, and that, at the time of the marriage, appellant was incapable of understanding or consenting to the marriage on account of intoxication, and that they never lived together as husband and wife.

Appellee entered his written appearance in the case but filed no answer.

Upon a hearing of the cause, the trial court dismissed the complaint, from which is this appeal.

Section 7041 of Crawford & Moses' Digest, upon which this suit is based, is as follows:

"When either of the parties to a marriage shall be incapable, from want of age or understanding, of consenting to any marriage, * * * the marriage shall be void from the time its nullity shall be declared by a court of competent jurisdiction."

The testimony reflected that on Saturday the 26th, appellant and appellee, in company with friends, drank whiskey most of the day in an apartment in Memphis, Tennessee; that at midnight, both were drunk, and that, at appellee's instance, they left for Marion in Crittenden County in an automobile driven by a negro chauffeur and were married at 2:30 o'clock A. M.; that they returned to the apartment between three and four o'clock, A. M., at which time appellant was in a drunken stupor, and her friends put her to bed and appellee went home; that she waked up at 7:30 A. M. and was informed of the mar-

riage, about which she knew nothing; that, disbelieving it, she immediately 'phoned the clerk of Crittenden County to ascertain the truth about the matter, and was informed by the clerk that the marriage ceremony was performed at 2:30 A. M.; that within a short time she instituted suit to annul the marriage; that they never lived together as husband and wife; that she drank voluntarily until she became intoxicated.

It is said in 18 R. C. L., p. 383, that:

"Marriage in its origin is a contract of natural law * * * is in its creation contractual in that it requires capacity and consent on the part of those who enter into the relation, and as far as its validity in law is concerned, it is universally treated as a civil contract."

It is said in the case of *Montgomery* v. *U'Nertle,* 143 Md. 200, quoting from the syllabus, that:

"To constitute a valid marriage there must be an understanding and appreciation of what the ceremony is, which is being gone through with, and what the legal consequences naturally deducible therefrom are."

The evidence quoted above brings this case clearly within our statute, and the rule announced in the authorities above cited.

On account of the error indicated, the decree is reversed, and the cause is remanded with directions to annul the marriage.